THE PHILADELPHIA AND READING COAL AND IRON COMPANY *vs.* SALEM TERMINAL CORPORATION.

Suffolk.    March 1, 1926. — May 27, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Decree: after rescript. *Landlord and Tenant,* Construction of lease. *Wharf.*

On an appeal by the plaintiff from a final decree after rescript following the decision in *Philadelphia & Reading Coal & Iron Co.* v. *Salem Terminal Corp.* 252 Mass. 439, restraining the defendant from obstructing the plaintiff's access to the wharf in question "within a space alongside said triangular section seventy-five (75) feet wide measured southwesterly . . . such width tapering to a width of at least forty (40) feet at a point opposite the southeasterly end of the riprap," the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on June 16, 1924, seeking to enjoin the defendant from placing pilings so juxtaposed to a wharf, in possession of the plaintiff under a lease from the defendant's predecessor in title, as to hinder the plaintiff in the use of a portion of the wharf.

The suit previously was before this court upon appeals by the defendant from decrees entered by order of *Morton,* J., when, by a decision reported in 252 Mass. 439, certain modifications were ordered in the final decree and as so modified it was affirmed.

Thereafter, the final decree described in the opinion was entered by order of *Morton,* J., and the plaintiff appealed.

*C. F. Lovejoy*, for the plaintiff.

*H. F. Knight*, for the defendant.

CARROLL, J.  After the decision of this case (*Philadelphia & Reading Coal & Iron Co. v. Salem Terminal Corp.* 252 Mass. 439), a decree was entered in the Superior Court restraining the defendant from obstructing the plaintiff's access to the wharf in question "within a space alongside said triangular section seventy-five (75) feet wide measured southwesterly . . . such width tapering to a width of at least forty (40) feet at a point opposite the southeasterly end of the riprap."  From this decree the plaintiff appealed.  It contends that a decree, in accordance with the opinion of the full court, should enjoin the defendant from building nearer the plaintiff's wharf than seventy-five feet at the seaward end, and seventy feet for the entire length of the space.

The decree followed the opinion, and was justified by it. The opinion did not intend to give the plaintiff the right to an unobstructed space seventy-five feet wide at one end and of the width of seventy feet its entire length.  After a discussion of the rights of the parties, the opinion continues with these words:  "The final decree, however, required the defendant to stop the construction of the sea wall at a point which will leave an open channel of only forty feet in width for the mooring and docking of vessels.  The plaintiff, who appealed, contends that it should be seventy-five feet.  The master, on evidence properly received, reports, that, if the channel is limited to forty or fifty feet, it will be necessary to bring in a lighter by pushing with a tug, and warping it in by lines, and it can be taken out only by a tug with a stern line.  'This is the proper method of handling such boats in narrow spaces.  The customary and usual method, however, of handling such a boat where there is no limit of space is to use a tug lashed to the boat upon its quarter — that is, the bow of the tug is lashed alongside the stern of the other boat for about one third of the length of the other boat. If this method is used in the space in question and this space is to be used for its entire length,' a channel of seventy-five feet will be necessary from the 'southwesterly side of the "triangular section" at right angles thereto at the point

at which the outside line of piles driven by the defendant meets said "triangular section," such width tapering to a width of at least forty feet at a point opposite the southeasterly end of the riprap, measured at right angles from the southwesterly side of the "triangular section." I find that this latter method of using the space in question is reasonable and proper if the plaintiff has the right to dock or lay vessels therein.'" After this quotation from the report of the master the opinion continues: "The plaintiff can exercise its appurtenant rights as previously defined in any lawful manner, and the scope of this finding in the opinion of a majority of the court should not be restricted in favor of the defendant. It follows, that the interlocutory decree overruling the defendant's exceptions, and confirming the report, is affirmed. But the final decree must be modified in accordance with the opinion, and when so modified it is affirmed with costs."

Under this opinion it was intended, following the findings of the master, to have the opening of the channel seventy-five feet in width, tapering to a width of forty feet. The decree so ordered, it was correct, and is affirmed.

*Ordered accordingly.*